a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BURCHIE LEWIS III #2022110065,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-00347<br>SEC P |
| VERSUS | JUDGE DRELL |
| N P D C ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a pro se civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Burchie Lewis III ("Lewis"). Lewis is being detained at the Natchitoches Parish Detention Center ("NPDC"). He alleges that he is being denied constitutionally adequate medical care.

To determine whether Lewis is entitled to relief, he must AMEND the Complaint with additional information

I.   Background

Lewis alleges that he was taking psychiatric medication when he was taken into custody, and he has not been provided that medication. ECF No. 6 at 3-4. Lewis alleges that he has made several requests that NPDC obtain copies of his medical records from various hospitals in Arkansas, which he alleges would prove what medications he was prescribed. Id.

## II. Law and Analysis

To state viable claim for the violation of the Eighth Amendment's proscription against cruel and unusual punishment, a prisoner must allege that defendants acted with "deliberate indifference" to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Lewis alleges that he is been denied psychiatric medication that he was prescribed before his incarceration. However, he does not allege how or when each named Defendant acted with deliberate indifference. Therefore, Lewis must amend his Complaint to state:

(1) the name of each person at NPDC that allegedly denied him medical care;

(2) every date on which he requested medical care at NPDC and to whom each request was made;

(3) what response he received to each request for medical care by each individual, and whether he ever saw a doctor or nurse; and

(4) what medical medications he is being denied and what medications he was provided.

III.   Conclusion

Because Lewis must provide additional information to support his claim, IT IS ORDERED that Lewis file an AMENDED COMPLAINT within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

SIGNED on Thursday, June 01, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE