a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BURCHIE LEWIS III #2022110065, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00347 SEC P |
| VERSUS | JUDGE DRELL |
| N P D C ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 15) filed by Defendant Margaret "Meg" Barnum, DNP, FNP, APRN, (named by Plaintiff Burchie Lewis III ("Lewis") as "Dr. Barnum," and hereafter referred to as "Barnum").

Because Lewis has not established proper service on Barnum, and granting him additional time to do so would be futile, the Motion to Dismiss should be GRANTED.

I. Background

Lewis filed a Complaint against several Defendants alleging that he was denied medication while incarcerated at Natchitoches Parish Detention Center ("NPDC").

On August 9, 2023, NPDC employee Roger Henson accepted service of the Complaint on behalf of Barnum. However, Barnum alleges that she is not an employee of NPDC, and did not authorize Roger Henson or anyone else to accept

1

service on her behalf. ECF No. 15-3. Additionally, Barnum asserts that Lewis fails to state a cognizable claim for relief against her.

## II. Law and Analysis

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). The fact that the plaintiff is pro se does not excuse the failure to properly effect service of process. *System Signs Supplies*, 903 F.2d at 1013; *Dupre v. Touro Infirmary*, 235 F.3d 1340 (5th Cir. 2000).

Lewis does not dispute that service was improper. He has not presented any evidence regarding the validity of service. Service upon an agent is only satisfactory if the agent is "authorized by law or by appointment" to receive it. *See* Fed. R. Civ. P. 4(e)(2). And authorization may not be "implied in fact." *O'Meara v. New Orleans Legal Assistance Corp.*, 1991 WL 110401 (E.D. La. 1991) ("to establish such an agency relationship the individual sought to be served must have actually authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service."). Barnham attests

that she is not employed by NPDC and did not authorize anyone at NPDC to accept service on her behalf. ECF No. 15-3.

Generally, when a pro se party fails to properly serve a defendant, a court, in its discretion, may authorize additional time within which to properly effect service. However, that would be futile here because Lewis fails to state a viable claim for relief against Barnum.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citations omitted).

Lewis has been afforded an opportunity to amend. He has also been specifically ordered to state the basis of any claim against Barnham. To date, he has failed to do so. None of his pleadings provide factual allegations against Barnum. ECF No. 1, 9.

### III. Conclusion

Because Lewis does not dispute that service on Barnum was improper, and any extension of time within which to perfect service would be futile, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 15) be GRANTED and the claims against Barnum be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, November 20, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE