a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BURCHIE LEWIS III #2022110065,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-00347<br>SEC P |
| VERSUS | JUDGE DRELL |
| N P D C ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a pro se civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Burchie Lewis III ("Lewis"), and a Motion to Dismiss (ECF No. 30) filed by certain Defendants. At the time of filing, Lewis was being detained at the Natchitoches Parish Detention Center ("NPDC"). He alleges that he is being denied constitutionally adequate mental health care. Lewis names as Defendants NPDC, the Natchitoches Parish Sheriff's Office ("NPSO"), RN Clark, Dr. Meg Barnum[1], Ms. Reliford, Warden Henson, LPN Childress, and L. George. He seeks injunctive and monetary relief.

Because Lewis is not entitled to the relief sought, Defendants' Motion (ECF No. 30) should be GRANTED, and the Complaint (ECF Nos. 1, 6, 9) should be DENIED and DISMISSED as set forth below.

---

[1] Dr. Barnum has been dismissed from the suit. ECF No. 26.

1

I. Background

Lewis alleges that he was taking psychiatric medication when he detained, and he has not been provided that medication at NPDC. ECF No. 6 at 3-4. Lewis alleges that he made several requests that NPDC obtain copies of his medical records from various hospitals in Arkansas, which he alleges would prove what medications he was prescribed. *Id.*

Lewis was ordered to amend his Complaint to state which Defendants denied him adequate medical care. He asserts that LPN Childress, Mrs. George, and Nurse Clark, all denied him care over a three-month period. ECF No. 9 at 1.

Lewis alleges that he continues to be denied his prior mental health medication or access to a physician to get an evaluation and new prescriptions.

After filing suit, Lewis was transferred to a jail in Little Rock, Arkansas. ECF No. 13. He was subsequently transferred to Elayn Hunt Correctional Center, and then to David Wade Correctional Center. ECF Nos. 24, 33.

Defendants seek dismissal of all claims. ECF No. 30.

II. Law and Analysis

A. Lewis fails to state a viable claim against NPDC and NPSO.

To state a viable § 1983 claim, a plaintiff must: (1) allege a violation of a right secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Accordingly, a "section 1983 complaint must state specific facts, not simply legal and constitutional

2

conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Lewis cannot state a viable claim against NPDC because a jail is "not an entity, but a building." *Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998). It is not amendable to suit. *See, e.g., Mitchell v. Lamar Cnty. Jail*, 5 F.3d 1496, 1993 WL 391567, at *2 (5th Cir. 1993) (unpublished) ("The district court correctly held that the [Lamar County] Jail is not a legal entity subject to suit."); *Evans v. Reeves Cnty. Detention Ctr.,* No. 09-CV-50, 2010 WL 11601267, at *1 (W.D. Tex. Apr. 27, 2010) ("Plaintiff has failed to show that Reeves County Detention Center has ever been granted the capacity to engage in separate litigation. Thus, the Court finds that this lawsuit seeks recovery from a legal entity that does not exist for Plaintiff's purposes."); *Jackson v. Harris Cnty. Jail*, No. 22-3222, 2022 WL 4588414, at *2 (S.D. Tex. Sept. 29, 2022) ("Because the [Harris County] Jail lacks the capacity to be sued, it cannot be named as a defendant, and Jackson's claim against it must be dismissed.").

Similarly, the State of Louisiana does not grant legal status to any parish sheriff's office. *See Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La.Ct. App. 1977), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the NPSO is

3

not an entity capable of being sued. *See Cozzo v. Tangipahoa Par. Council-- President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002).

### B. Lewis provides no factual allegations involving Roger Henson or Tanya Reliford.

Although Lewis names as Defendants Ms. Reliford and Warden Henson, he provides no factual allegations involving those individuals. Therefore, his claim fails to meet the requisite pleading standard under the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678; FRCP Rule 8.

### C. Lewis's claim for injunctive relief is moot.

Lewis asks the Court to order Defendants to provide him with mental health medication. However, Lewis is no longer incarcerated at NPDC. ECF Nos. 13, 24, 33. Therefore, his claim for injunctive relief is moot. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot).

### D. Lewis fails to state a claim for money damages.

"No federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury required by § 1997e(e) must be more than de minimis, but need not be significant. *See Harper v. Showers*, 174 F.3d 716 (5th Cir. 1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (bruising and soreness for three days from guard twisting a prisoner's arm and ear was de minimis and would not support a claim for mental or emotional suffering)).

Lewis does not allege that he suffered any physical injury from the alleged denial of care. Therefore, he fails to state a viable claim for monetary damages.

## III. Conclusion

Because Lewis fails to state a viable claim against NPDC and NPSO; does not present any allegations against Ms. Reliford and Warden Henson; suffered no physical injury; and has been transferred from NPDC; IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 30) be GRANTED and that Lewis's Complaint (ECF Nos. 1, 6, 9) be DENIED and DISMISSED, WITHOUT PREJUDICE as to the request for injunctive relief, and WITH PREJUDICE as to all other claims.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, May 9, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE